UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GUIDEONE SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DAY SPRING, INC., MARY CRAWLEY, as ADMINISTRATRIX OF THE ESTATE OF SEAN KING, BARROWMAN CASE MANAGEMENT and KRISTIN JONES, <br><br> Defendants. | Case No. 3:24-CV-394-RGJ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, GuideOne Specialty Insurance Company ("GuideOne"), by counsel, for its Complaint for Declaratory Judgment against Defendants, alleges and states as follows:

1. This Complaint is a Complaint for Declaratory Judgment brought pursuant to KRS § 418.040 et. seq.

2. GuideOne is an insurance company incorporated under the laws of Iowa, having its principal place of business at 1111 Ashworth Road, West Des Moines, Iowa 50265, and is authorized to transact business in the State of Kentucky.

3. Upon information and belief, Day Spring, Inc. ("Day Spring"), is a company authorized to transact business in the State of Kentucky with its principal place of business in Louisville, Kentucky.

4. Upon information and belief, Mary Crawley ("Crawley") has been appointed as the Administratrix of the Estate of Sean King, who was a citizen of the State of Kentucky in the

1

relevant time periods provided in this action and resided in Louisville, Jefferson County, Kentucky prior to his death.

5. Upon information and believe, Barrowman Case Management ("BCM") is a company authorized to transact business in the State of Kentucky with its principal place of business in Lexington, Kentucky.

6. Upon information and belief, Kristin Jones ("Jones"), is a citizen of the State of Kentucky in the relevant time periods provided in this action and resides in Louisville, Jefferson County, Kentucky.

7. Plaintiff, GuideOne, is an insurance company with its principal place of business in Iowa, Defendants are all citizens of or incorporated in Kentucky, and the amount in controversy exceeds $75,000. Therefore, jurisdiction is proper under 28 U.S.C. § 1332(a).

8. Sean King was an individual with an intellectual and/or developmental disability and was a "Supports for Community Living" recipient who resided with a Jones, a family home provider, beginning in January 2022, through Day Spring and in conjunction with Sean King's case management provider BCM.

9. On July 2, 2022, Sean King was found unresponsive in Jones' home and was transported to the hospital where he died on July 25, 2022.

10. On or about July 22, 2022, Day Spring received a letter of representation from an attorney representing Sean King.

11. At the time of Sean King's death, Day Spring was insured through an insurance policy issued by Kinsale Insurance effective April 6, 2022 to April 6, 2023.

12. On July 26, 2022, Day Spring reported the Sean King incident to Kinsale Insurance in the form of an incident report.

13.     Crawley filed a Complaint against Day Spring, BCM and Jones entitled <u>Mary Crawley, as Administratrix of the Estate of Sean King v. Day Spring, Inc., Barrowman Case Management and Kristin Jones</u>, under Case No. 23-CI-003343 in the Jefferson County Circuit Court (the "Underlying Action"). A copy of the Complaint filed on June 1, 2023 is attached hereto as **Exhibit "A".**

14.     The Complaint in the Underlying Action alleges that Day Spring and BCM, by and through their employees, agents, ostensible agents or apparent agents, was negligent and failed to exercise reasonable care in attending to and protecting the health and safety of Sean King.

15.     More specifically, the Complaint in the Underlying Action alleges that Day Spring and BCM were negligent in the following ways:

   a.   Assessing and supervising Sean King;

   b.   Failing to place Sean King with a family home provider who would adequately care for and supervise him;

   c.   Failing to monitor Sean King after he was placed under the care of Jones in her home;

   d.   Placing Sean King under the care of Jones;

   e.   Failing to verify that Sean King received the medical and heath care services he required;

   f.   Failing to provide appropriate services to Sean King as required by Kentucky Administrative Regulations;

   h.   Failing to adequately supervise, inspect and/or evaluate Jones' home environment for placement as a family home provider; and

        i.      Failing to provide Jones with adequate resources to take proper care of Sean King.

16. In regard to Jones, the Complaint in the Underlying Action alleges that she was negligent and failed to exercise reasonable care in attending to and protecting the health and safety of Sean King and negligently failed to inform the proper authorities with accurate information concerning her care of Sean King.

17. The Complaint in the Underlying Action further alleges that the negligence of Day Spring, BCM and Jones were the proximate and legal cause of injuries to Sean King and his death.

18. The Complaint in the Underlying Action lastly alleges that Day Spring is vicariously liable for the negligence of BCM and Jones.

19. Day Spring notified Kinsale Insurance of the Underlying Action and Kinsale advised Day Spring in a letter dated June 13, 2023 that it would not provide coverage to Day Spring for the Underlying Action because the claim was reported to Kinsale outside of the policy period of April 6, 2022 to April 6, 2023.

20. Thereafter, Day Spring notified GuideOne of the Underlying Action and GuideOne assigned defense counsel to represent Day Spring in the Underlying Action.

21. On May 2, 2024, GuideOne sent Day Spring a reservation of rights letter advising that it would continue providing a defense to Day Spring in the Underlying Action but that there may be no coverage under the Policy to the extent Day Spring was aware of the potential claim regarding Sean King before the inception of the Policy, to the extent that Day Spring reported the claim to its prior carrier Kinsale Insurance before the inception of the Policy and to the extent the

information provided on the Warranty Provision Endorsement of the Policy by Day Spring was inaccurate. A copy of the reservation of rights letter is attached as **Exhibit "B"**.

22. GuideOne issued a policy to Day Spring under Policy No. 010037422, effective April 6, 2023 to April 6, 2024 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit "C".**

23. The Policy includes a Warranty Provision Endorsement (Form GCG 2715 0815) which is completed by Day Spring to advise GuideOne of any pending claims, potential claims or legal proceedings Day Spring may have. The Warranty Provision Endorsement includes the following pertinent language:

> **THIS DOCUMENT IS AN ENDORSEMENT THAT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> Except for the Schedule below, you warrant (represent where warrant is prohibited by statute) that no "authorized person", has any knowledge or with reasonable diligence could have reasonably foreseen the possibility of:
> 1. Any existing or threatened claims or legal proceedings made or commenced against you, any insured listed under Paragraph 1. of Section II – Who Is An Insured of the Commercial General Liability Coverage form, your agents, any subsidiary, or affiliate corporation, within the last three years.
> 2. Any inquiry, fact, circumstance, or prior negotiation which might reasonably be expected to lead to a claim or legal proceeding instituted against you that would be covered by this policy.
>
> \* \* \*
>
> After consulting each "authorized person": I warrant (represent where warrant is prohibited by statute) that the above information is a true and complete listing of all claims, potential claims, and legal proceedings that have commenced or occurred within the last three years.
>
> \* \* \*

24. Day Spring completed and signed the Warranty Provision Endorsement and identified one potential claim in the Schedule regarding a resident suicide on August 27, 2019. Day Spring did not identify the Sean King matter in the Schedule of the completed and signed

5

Warranty Provision Endorsement. A true and accurate copy of the signed Warranty Provision Endorsement is attached hereto as **Exhibit "D"**.

25. Because Day Spring failed to identify the Sean King matter in the Warranty Provision Endorsement, the Policy is statutorily void at its inception pursuant to KRS § 304.14-110.

WHEREFORE, Plaintiff, GuideOne Specialty Insurance Company, prays as follows:

(a) For a declaration that the Policy is void at its inception pursuant to KRS 304.14-110;

(b) For a declaration that because the Policy is void at its inception, it has no duty to defend Day Spring for the Underlying Action and may withdraw its current defense of Day Spring;

(c) For a declaration that because the Policy is void at its inception, GuideOne has no duty to indemnify for any potential liability of Day Spring in the Underlying Action; and

(d) For a declaration that GuideOne has no duty to pay any judgment which may be awarded in favor of Mary Crawley as the Administratrix of the Estate of Sean King against Day Spring in the Underlying Action.

    Respectfully Submitted,

    KIGHTLINGER & GRAY, LLP

    /s/ Van T. Willis
    Van T. Willis, Atty. No. 82560
    3620 Blackiston Boulevard
    Suite 200 Bonterra Building
    New Albany, Indiana 47150
    (812) 949-2300
    (812) 949-8556
    vwillis@k-glaw.com
    *Counsel for Plaintiff*